UNITED STATES v. DURIE.

(District Court,. E. D. Pennsylvania.  May 14, 1909.)

No. 17.

ALIENS (§ 21*)—CHINESE EXCLUSION ACTS—REPEAL BY IMPLICATION OF PRO-
VISIONS OF PRIOR ACT.

Chinese Exclusion Act May 6, 1882, c. 126, § 2, 22 Stat. 59, as amend-
ed by Act July 5, 1884, c. 220, 23 Stat. 115 (U. S. Comp. St. 1901, p. 1306),
which makes it a misdemeanor for the master of any vessel to knowingly
bring within the United States on such vessel and land or attempt to land
any Chinese laborer from any foreign port, was repealed by implication
by Act Sept. 13, 1888, c. 1015, § 9, 25 Stat. 478 (U. S. Comp. St. 1901,
p. 1316), which covers substantially the same offense, but prescribes a
different punishment.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 21.*]

On Demurrer to Indictment.

J. Whitaker Thompson and Jasper Yeates Brinton, for the United States.

Francis S. Laws, for defendant.

J. B. McPHERSON, District Judge. It may be, that the argument now made by the government in support of the proposition that section 2 of the Chinese exclusion act of 1882 (Act May 6, 1882, c. 126, 22 Stat. 59), as amended by the act of 1884 (Act July 5, 1884, c. 220, 23 Stat. 115 [U. S. Comp. St. 1901, p. 1306]), was not impliedly repealed by the act of 1888 (Act Sept. 13, 1888, c. 1015, § 9, 25 Stat. 478 [U. S. Comp. St. 1901, p. 1316]) was not presented to Judge Cross in the district of New Jersey before he decided, in United States v. Wood, 168 Fed. 438, that such repeal had taken place. I accept the statement in the government's brief that the argument now offered is made for the first time; but this does not change the fact that I am asked,

_____
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in effect, to review Judge Cross's decision and to say that he would perhaps, or probably, have reached a different conclusion if he had taken into account the considerations that have been presented to me. It is clear, however, that, although the argument now made on behalf of the government may not have been presented to Judge Cross by counsel, it may have occurred to his own mind, and may have been rejected as not persuasive. But, without laying any weight on this possibility, I think it is enough to say that, in my opinion, the proper tribunal to review the ruling in United States v. Wood is the Circuit Court of Appeals or the Supreme Court. It is true that I am not bound by the decision of another District Court; but, however freely the right of dissent may in general be exercised, I think there are obvious reasons why dissent in the same circuit should be avoided as far as possible.

Following, therefore, the decision in United States v. Wood, the demurrer to the present indictment is sustained.